UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY GRIDER, | ) |
|         Petitioner, | ) |
| | ) |
|    vs. | ) |
| | ) Case No. 1:16-cv-3050-TWP-DKL |
| SUPERINTENDENT, PENDLETON CORRECTIONAL FACILITY, | ) |
| | ) |
|         Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

This matter is before the Court on a petition for writ of habeas corpus filed by Petitioner Bobby Grider ("Mr. Grider"), challenging a prison disciplinary proceeding identified as No. CIC 16-05-0262. Mr. Girder was found guilty of possession of altered property and suffered a 30 day loss of earned credit time. For the reasons explained in this Entry, Mr. Grider's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits without due process. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985);

*Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 23, 2016, Officer Taylor Davis wrote a Report of Conduct that charged Mr. Grider with possession of altered property. The Conduct Report states:

> On 5/23/16 at 11:20 p.m., I, Officer Taylor Davis was performing a shakedown in cell 15-3C. During the shakedown I found a handmade metal box with magnets attached to it that is used to hide contraband. When I [] who the box belonged to Grider, Bobby #108625 15A-3C claimed the item.

[Dkt. 9-1].

On May 26, 2016, Mr. Grider was notified of the charge of possession of altered property when he was served with the Conduct Report and the Notice of Disciplinary Hearing. Mr. Grider was notified of his rights and pled not guilty. He requested a lay advocate and one was appointed. He did not request any witnesses. He requested physical evidence consisting of a photo. [Dkt. 9-5].

The hearing officer conducted a disciplinary hearing in No. CIC 16-05-0262 on June 2, 2016. Mr. Grider pled guilty at the hearing. [Dkt. 9-7]. The hearing officer considered the staff reports, offender's statement, and photo, as well as Mr. Grider's guilty plea. Upon consideration of the evidence, the hearing officer found Mr. Grider guilty of possession of altered property. He recommended the following sanctions that were approved: written reprimand, 30 day revocation of phone and commissary privileges, $5.00 in restitution, and 30 days loss of earned credit time. [Dkt. 9-7]. Mr. Grider filed administrative appeals, which were denied [Dkts. 9-9, 9-10]. This habeas action followed.

### C. Analysis

Mr. Grider brings a petition for habeas relief on the grounds that he was denied an impartial hearing officer. He argues the hearing officer was not impartial because the same officer handled the screening process and conducted the disciplinary hearing. [Dkt. 1, p. 4]. "An inmate facing disciplinary charges has the right to an impartial decisionmaker." *Wolff*, 418 U.S. at 571. Due process forbids officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation of those events, from serving on the board hearing the charge. *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). Nevertheless, adjudicators are entitled to a presumption of honesty and integrity. *Id.* (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The constitutional standard for impermissible bias is high. *Id.* (citing *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986)). This presumption can be overcome with "clear evidence to the contrary." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Mr. Grider has not met this burden. In particular, he has not shown that the hearing officer was personally or substantially involved in the circumstances underlying the investigation. The screening process is not related to the investigation of the charged conduct. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) (stating that "tangential involvement" in the investigation does not disqualify an officer from sitting on the adjustment committee.).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action,

and there was no constitutional infirmity in the proceeding which entitles Mr. Grider to the relief he seeks. Accordingly, Mr. Grider's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/5/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

BOBBY GRIDER
108625
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064